ARCHANGELO PAOLINE *vs*. J. W. BISHOP COMPANY.

PROVIDENCE—JUNE 27, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Master and Servant. Negligence.*

Plaintiff, a foreigner, ignorant of the English language, with other servants was engaged in lifting a heavy beam, when it rolled over sideways and fell, breaking plaintiff's leg: The declaration alleged that the injury was caused by the negligence of defendant in not providing stagings, jacks, derricks, or similar mechanical devices for raising the timber. It appeared in evidence that three hundred and forty-nine similar beams were safely placed in position by hand:—

*Held,* that the proximate cause of the accident was the neglect of the employees to use their hands properly, not that of the master to furnish other instruments.

(2) *Obvious Risk.*

A further count alleged that plaintiff was ignorant of the danger of assisting in lifting a heavy beam, and particularly of the danger that if he stood under the beam it might fall and injure him:—

*Held,* that the risk was obvious.

TRESPASS ON THE CASE for negligence. Heard on petition of defendant for new trial, and petition granted.

DOUGLAS, J. The plaintiff in this case, an Italian, ignorant of the English language, was employed by the defendant as a laborer. For some three or four weeks he had been at work excavating a cellar, and had never done any other work for the defendant. On the day of the accident he was called upon, together with others, to lift and place in position, as a floor beam, a hard pine timber, twelve inches square and between twenty-three and thirty feet long. They had proceeded so far in lifting the beam that one end of it rested upon a staging

built against the outer wall of the structure, and the other end lapped upon the end of a similar beam supported by a brick pier.   It was desired next to place the beam in such position that the outer end should be inserted in the wall, and the inner end should rest upon the pier against the end of the other beam.   To accomplish this the outer end of the beam had to be raised and the whole beam brought forward in the direction of its length, and the other end dropped upon the head of the pier.   Twelve men and a boss were assigned to place the beam in position.   The plaintiff and three others of the twelve were stationed at the inner end, near the pier, and stood upon timbers which elevated them from the ground so that two of them could reach the timber in question for the purpose of guiding it into place.   The other two of the group seem not to have had anything to do after the inner end had been elevated upon the pier.   The other eight men stood on the platform or staging on which the outer end of the timber rested.   As the eight men lifted their end of the timber and had it about as high as their knees it rolled over sideways, which dislodged the other end from the pier;   and as it fell it struck the plaintiff and broke his leg, so that it became necessary to amputate it just above the ankle.

The declaration is in three counts.   In the first it is alleged that the injury was caused by the negligence of the defendant in not providing stagings, jacks, derricks, or similar mechanical devices for raising and placing the timber.

In the second the wrong is alleged to have been the directing the plaintiff, who was ignorant that a beam supported on a narrow pier, if slightly misplaced, was likely to fall and injure him, to work near such a beam without notice of the danger to him in case it should fall.

In the third the negligence is alleged to have been in putting the plaintiff under the orders of an incompetent boss, who changed or directed the change of the position of the beam so as to cause it to fall upon him.

The jury found for the plaintiff generally, with a special finding that the men, in lifting the end of the beam for the purpose of placing it in the wall, did not negligently allow the

beam to turn, causing the displacement and fall of the opposite end which was supported by the brick pier.

The defendant prays for a new trial on the grounds:

First.  That the general verdict is against the evidence.

·  Second.  That the special finding is against the evidence.

Third.  That the court erred in its charge to the jury.

The third ground does not specify the error complained of, and cannot be considered.

(1)  The first and second ground must be sustained.  The fact stated in the first count, that no mechanical devices were employed, is undisputed, but the evidence is overwhelming that these beams could safely be raised and adjusted by hand. There were three hundred and fifty of them to be placed in this building.  Some were placed before and others after the accident.  While it appeared that these beams could have been placed by means of various mechanical devices, it also appears that three hundred and forty-nine of them, some longer and some shorter, but all generally like the one which fell, were placed safely in position by the hands of these laborers and their associates.  It is very certain that what was done safely three hundred and forty-nine times could have been done once more if they had exercised equal care.  In raising the timber, if the men employed lost control of it so that it rolled and fell, unless this was caused by accident, of which there is no evidence, it must have been from such failure to act in concert as constituted negligence or carelessness.  This neglect on their part to use their hands properly, not the neglect of the employer to furnish other instruments, was the proximate and only cause of the accident.

(2)  The allegation of the second count, that the plaintiff was ignorant of the danger of assisting in lifting a heavy beam, and particularly of the danger that if he stood under the beam it might fall from its narrow support and hurt him, is incredible.

The lifting of a timber in the way described in this case is a task requiring no more skill than an ordinary laborer possesses. The task was not different in grade from the employment of picking up or shoveling dirt in an excavation and wheeling a barrow.  Either employment requires a knowledge of the ac-

tion of gravity on solid bodies. It is the same elementary knowledge which a child acquires in building block houses. There were no special dangers in the task which were not obvious to any ordinary person, whether he understood the English language or not. If he accepted the assignment he assumed the obvious risk.

There is no evidence to support the third count, either directly or indirectly.

The cases cited by the plaintiff's counsel have no bearing upon the questions of fact on which this case turns. Most of them are reviewed in the opinion in *Mayott* v. *Norcross Brothers*, 24 R. I. 187, and require no further comment here. It is undoubtedly the duty of the master to furnish the servant with suitable appliances for his work when he furnishes any, but in this case no machinery was used, and, as we have seen, the work could have been done very well by hand.

It is the duty of the master to warn the employee of any dangers in the task imposed upon him, or in the place where he is set to work, which are not obvious to the employee's senses; but in this case there was no hidden danger.

It is the master's duty to employ a sufficient number of men where numbers are required to act in concert and an accident may occur from a deficiency of strength; but the neglect of this duty is not charged in this declaration, and it appears in evidence that the number employed in this work had raised the beam from the ground to the height of the pier and the platform, and that two of these were not wanted in the further movement which was in progress when the accident occurred. It would be difficult to convince any sensible person that ten men were not enough to handle the beam as they attempted to do.

We find, therefore, that the verdicts, general and special, are against the evidence, and a new trial is granted.

*Matteson & Healey and George T. Marsh,* for plaintiff.
*Walter B. Vincent,* for defendant.